**FILED**

**JUL 12 2022**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 22-13 Erie |
| | ) | |
| AARON RAY MCCLELLAND | ) | **(Under Seal)** |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| **COUNT** | **OFFENSE/DATE** | **TITLE/SECTION** |
|---|---|---|
| 1 & 2 | Receipt of material depicting the sexual exploitation of a minor<br>In and around July 2021<br>In and around October 2020 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| 3 | Possession of and accessing with intent to view material depicting the sexual exploitation of a minor<br>From in and around October 2020 to in and around November 2021 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

A. **As to Counts 1 and 2:**

In order for the crime of receipt of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly received a visual depiction of a minor using any means or facility of interstate or foreign commerce.

2. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.

3. That the visual depiction was of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(2)

B. **As to Count 3:**

In order for the crime of possession of and accessing with intent to view material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed or accessed with intent to view one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

2. That the item which contained the visual depiction had been mailed, transported, or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

**A. As to Counts 1 and 2: Receipt of material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than fifteen (15) years nor more than forty (40) years.

2. A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of at least five (5) years, and up to life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

**B. As to Count 3: Possession of and accessing with intent to view material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than twenty (20) years, or if the defendant has a prior conviction (Title 18, United States Code,

Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

2. A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

4. Any or all the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(A).

With respect to Counts One, Two and Three, an additional special assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Counts One and Two, pursuant to 18 U.S.C. § 2259A(a), an additional special assessment of not more than $35,000.00 shall be assessed, as the offenses were committed after December 7, 2018, and the offenses are for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

Further, with respect to Count Three, pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. **RESTITUTION**

Restitution may be required in this case as to Counts One, Two and Three, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, and 2259. As to Counts One, Two and Three, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture is applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

_/s/ signature_

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013